IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN S. WILSON,

        Plaintiff,                               No. CIV-10-0171 GEB EFB PS

   vs.

WESTERN PROGRESSIVE, LLC;
OCWEN LOAN SERVICING, LLC;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
HSBC BANK NEVADA N.A.,

        Defendants.                               ORDER TO SHOW CAUSE
_____/

       This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On January 22, 2010, defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., and HSBC Bank USA, N.A. ("defendants") removed the action to this court from Sacramento County Superior Court on the basis of complete diversity pursuant to 28 U.S.C. §§ 1332 and 1441.[1] On February 1, 2010, defendants moved to dismiss plaintiff's complaint, and noticed the

---

[1] Plaintiff's complaint also appears to allege federal claims, including violations of the Federal Fair Debt Collections Act, 15 U.S.C. §§ 1692, *et seq*.; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-17; and the Racketeer Influenced and Corrupt Organizations

1

motion for hearing on March 3, 2010. Dckt. Nos. 1, 9.

Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by February 17, 2010. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (noting that pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion to dismiss is continued to April 7, 2010 at 10:00 a.m. in Courtroom No. 24.

2. Plaintiff shall show cause, in writing, no later than March 17, 2010, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

////

---

Act ("RICO"), 18 U.S.C. §§ 1961, *et seq*. Dckt. No. 1-2.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than March 17, 2010. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

4. Defendants may file a reply to plaintiff's opposition, if any, on or before March 24, 2010.

SO ORDERED.

DATED: February 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE