IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN S. WILSON,

    Plaintiff,

vs.

WESTERN PROGRESSIVE, LLC;
OCWEN LOAN SERVICING, LLC;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
HSBC BANK NEVADA N.A.,

    Defendants.

No. CIV-10-0171 GEB EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

/

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On January 22, 2010, defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., and HSBC Bank USA, N.A. ("defendants") removed the action to this court from Sacramento County Superior Court. On February 1, 2010, defendants moved to dismiss plaintiff's complaint, and noticed the motion for hearing on March 3, 2010. Dckt. Nos. 1, 9. Plaintiff failed to file either an opposition or a statement of non-opposition to the motion and on February 22, 2010, the court continued the hearing on defendants' motion to April 7, 2010 and ordered plaintiff to show cause, in writing, no later than March 17, 2010, why sanctions should not be

imposed for her failure to timely file an opposition or a statement of non-opposition. The order directed plaintiff to file either an opposition or a statement of non-opposition no later than March 17, 2010. Dckt. No. 11. The order further stated that "[f]ailure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b)." *Id.*

On March 17, 2010, plaintiff filed a response to the order to show cause, stating that her papers were not filed in a timely manner because plaintiff "was in an auto accident which totaled [her] car and left [her] banged, bruised, and broken." Dckt. No. 12. Plaintiff further stated that she was sorry for the inconvenience and would do her best in the future to have her paperwork in on time.

As a result of plaintiff's March 17, 2010 filing, the February 22, 2010 order to show cause was discharged. Order filed March 24, 2010, Dckt. No. 13. However, plaintiff still had not filed an opposition or a statement of non-opposition to the pending motion. Accordingly, the hearing on the motion to dismiss was "continued one more time to give plaintiff an opportunity to respond to the motion." *Id.* Plaintiff was again admonished that a failure to timely file an opposition would be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that defendants' motion be granted and/or that this action be dismissed for lack of prosecution. *Id.* Plaintiff was directed to file an opposition or a statement of non-opposition no later than April 21, 2010. *Id.*

The deadline has now passed and the court docket reflects that plaintiff still has not filed an opposition or statement of non-opposition to defendants' motion. In light of plaintiff's repeated failures to comply with the local rules and court orders in spite of prior warnings, dismissal for failure to prosecute is warranted. *See* Fed. R. Civ. P. 41(b); L.R. 110.

////

////

2

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing date of May 12, 2010 on defendants' motion to dismiss, Dckt. No. 9, is vacated; and

2. The status (pretrial scheduling) conference currently set for hearing on May 26, 2010, is vacated.[1]

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action;

2. Defendants' motion to dismiss, Dckt. No. 9, be denied as moot; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] As a result, the parties are not required to submit status reports as provided in the January 22, 2010 order. *See* Dckt. No. 4 at 2. However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.